PER CURIAM:
Claimant, Mousa Shafaghat, seeks an award from respondent, Division of Highways, for water damage to his property. Claimant alleges that respondent's failure to maintain a drainage culvert and ditchline has caused water to flow into his home and place of business. In claimant's Notice of Claim, he estimated his damages to be $41,400.00.
*9 At claimant's request this case was continued from two prior hearing dockets. Thereafter, a hearing was set for July 27, 1994. Prior to receiving opening statements, the Court offered claimant the opportunity to continue his claim to obtain legal representation. Claimant appeared not to understand the nature of the proceeding stating "...lam here today not for the hearings. I am here today to protest the government refusal. I asked for the public trial and one taxpayer complaining about government, and government is unfair to conduct that one by himself. I think this case is supposed to hear by public and public make decisions...It doesn't matter whether I have an attorney or not. When the next time, time coming, I would like to have a jury trial and public make the decision."
The Court explained that it is one of limited jurisdiction, with no provision for a jury trial. Following additional discussion, claimant indicated that he wanted to proceed with the hearing. The Court recognized claimant's right to proceed on his own behalf, and commenced the hearing. The testimony and evidence presented at the hearing, including an extensive video tape and photographs submitted by claimant, established the following.
FINDINGS OF FACT
1) Claimant is the sole owner of a house and property located adjacent to Route 9 in Morgan County, near the Pleasant View School. Claimant purchased this property in 1980. Shortly thereafter, claimant discovered water drainage problems on the property.
2) Some time after purchasing the property, claimant built an L-shaped addition to the house.
3) On May 10, 1989, claimant obtained a permit to construct and maintain a commercial approach to connect his driveway to Route 9. The permit specified a 15 inch diameter pipe was to be installed along Route 9 and the commercial approach was to be 20 feet wide.
4) The commercial approach is approximately 25 feet from the house, and the drainage culvert funds parallel to Route 9 and the house.
5) Claimant opened a restaurant, but this was closed by officials from the County Health Department.
6) Claimant's house is situate below a hill which extends behind and adjacent to the house. Water flows from this hillside which is causing erosión to the hillside. The hillside also is adjacent to Route 9 to the north of claimant's property and drainage from the hillside is into a ditch line at the bottom of the hill. The water flows south beside the highway.
7) There is a well located on the hill above claimant's house, and it is connected to the house by a buried water line.
*10 8) The natural drainage pattern for claimant's property causes water to flow in the direction of the house and the ditch line along Route 9.
9) Rain water from the roof of the house is deposited by gutters and downspouts on the ground adjacent to the house. The downspouts may connect to pipes under the ground which carry the water away from the house itself, but it is not apparent how far from the house theses pipes are in the ground.
10) Although respondent has repeatedly cleaned the culvert in front t of claimant's house, there are occasional obstructions to the opening of the culvert pipe opening, many of which have been placed there by claimant.
11) Claimant alleges that water accumulates under the addition built onto claimant's house which is causing damage to the foundation. There also has been damage to various items of personal property.
12) The building on the claimant's property has no provision for crawl space ventilation or drainage on the lower side driveway. There is no way for moisture to escape.
13) There is no ditch line along the driveway to allow surface water to drain away from the building.
14) Surface water off the hill flows toward the building.
15) There are several factors which the Court must consider in this claim such as the topography of claimant's property, the existence of a water well above claimant's house, the location of downspout outlets, the location of the culvert and ditch line, and soil erosion behind claimant's house. All of these factors indicate that the drainage problem involves a combination of hydrologic variables.
16) Considering the complex nature of the drainage problem, claimant may have needed to seek assistance from a civil engineer to help him properly identify and remedy the problem.
17) The only expert testimony presented at the hearing was offered by respondent. Robert Amtower, a licensed civil engineer, explained a drain system was needed around the perimeter of the house and a crawl space was needed under the floor of the house. These modifications would divert water away from the foundation, and provide better ventilation for the house. However, Mr. Amtower was unable precisely to identify the cause of the drainage problem, and acknowledged there were several possible causes of the problem.
18) Respondent provided evidence to support its theory that there is water flowing onto claimant's property form other sources. Respondent also established that it properly maintains the ditch line in front of claimant's property.
*11 CONCLUSIONS OF LAW
1) Although claimant alleges that there was debris is the ditch line causing water to flow onto his property, this fact was not substantiated by the evidence. Where there are many contributing factors causing the drainage problems on claimant's property, this Court has declined to find in favor of the claimant. See Pandelos d/b/a Esquire Supper Club vs. Div. of Highways, an Unpublished Opinion dated August 16, 1994, Claim No. CC-91-287.
2) After having reviewed the testimony and evidence in this claim, the Court has determined that although claimant may have a meritorious claim, he has failed adequately to establish that his damages are caused by water from respondent's culvert and ditch line. He also failed to establish that respondent neglected to maintain the ditch line.
3) Claimant failed to introduce any evidence to quantify the damages he has suffered. This Court will not speculate on issues of causation and damages. See Porter and Caudill vs. Dept. of Highways, 16 Ct. Cls. 15, 1985.
DECISION
While the Court is not unsympathetic to claimant's difficulty in representing himself, the Court cannot overlook the fact that no negligence has bqen established on the part of the respondent. In accordance with the findings of fact and conclusions of law as stated hereinabove, the Court is of the opinion to and does deny this claim.
Claim disallowed.